Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff Sabatino

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SABATINO, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>THOMAS S. ROONEY, JR., ALEXANDER J. BUEHLER, JOEL GAY, and ENERGY RECOVERY, INC.,<br><br>     Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Joseph Sabatino, individually and on behalf of all other persons similarly situated, by his undersigned attorneys, alleges in this Complaint the following upon knowledge with respect to his own acts, and upon facts obtained through an investigation conducted by his counsel, which included, inter alia: (a) review and analysis of relevant filings made by Energy Recovery, Inc. ("Energy Recovery" or the "Company") with the United States Securities and Exchange Commission (the "SEC"); (b) review and analysis of Defendants' public documents, conference calls and press releases; (c) review and analysis of securities analysts'

reports and advisories concerning the Company; and (d) information readily obtainable on the Internet.

Plaintiff believes that further substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery. Most of the facts supporting the allegations contained herein are known only to Defendants or are exclusively within their control.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of all persons and entities, other than Defendants, who purchased the common stock of Energy Recovery during the period March 14, 2012 through January 13, 2015, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Energy Recovery designs, develops, and manufactures energy recovery devices that transform untapped energy into reusable energy from industrial fluid flows and pressure cycles. The company markets its products directly to customers through its sales organization, as well as through authorized independent sales agents in the United States and internationally.

3.      Throughout the Class Period, Defendants made false and/or misleading statements, and failed to disclose deficiencies in its internal controls. Specifically, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that its Chief Sales Officer/Senior Vice President of Sales had breached a duty of trust and engaged in conduct which created a conflict of interest with the Company.

4.      When the market learned of this breach, the Company's stock price plunged, damaging investors.

Class Action Complaint for Violation of the Federal Securities Laws

**JURISDICTION AND VENUE**

5.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j (b) and 78t (a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

6.     This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

7.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b) as the Company conducts business in this district.

8.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

**PARTIES**

9.     Plaintiff Joseph Sabatino, as set forth in the accompanying certification, incorporated by reference herein, purchased Energy Recovery common stock at artificially inflated prices during the Class Period and has been damaged thereby.

10.     Defendant Energy Recovery is a Delaware corporation with headquarters in San Leandro, California. It is an industry leader in capturing reusable energy from industrial fluid flows and pressure cycles. During the Class Period the Company's stock was traded on the NASDAQ Stock Market ("NASDAQ") under the symbol "ERII."

11.     Defendant Thomas S. Rooney, Jr. ("Rooney") has been the President and Chief Executive Officer of the Company, as well as a Director of the Company at all relevant times.

12.     Defendant Alexander J. Buehler ("Buehler") was the Chief Financial Officer of the Company at all relevant until his abrupt resignation on June 25, 2014.

Class Action Complaint for Violation of the Federal Securities Laws

13.   Defendant Joel Gay ("Gay") has been the Chief Financial Officer of the Company since June 27, 2014.

14.   Defendants Rooney and Buehler are collectively referred to hereinafter as the "Individual Defendants."

15.   Each of the Individual Defendants:

(a)   directly participated in the management of the Company;

(b)   was directly involved in the day-to-day operations of the Company at the highest levels;

(c)   was privy to confidential proprietary information concerning the Company and its business and operations;

(d)   was involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)   was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and

(f)   approved or ratified these statements in violation of the federal securities laws.

16.   As officers, directors, and controlling persons of a publicly-held company whose common stock is and was registered with the SEC pursuant to the Exchange Act, and was traded on NASDAQ and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate accurate and truthful information promptly with respect to the Company's financial condition and to correct any previously-issued statements that had become materially misleading or untrue to allow the market price of the Company's publicly-traded stock to reflect truthful and accurate information.

17.   Energy Recovery is liable for the acts of the Individual Defendants and its employees under the doctrine of respondeat superior and common law principles

Class Action Complaint for Violation of the Federal Securities Laws

of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

18.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Energy Recovery under respondeat superior and agency principles.

## SUBSTANTIVE ALLEGATIONS

19.     The class period starts on March 14, 2012, when the Company filed a materially false and misleading Form 10-K for the fiscal year ended December 31, 2011 (the "2011 10-K") with the SEC, which misstated that the Company's internal control over financial reporting was effective.

20.     The 2011 10-K was signed by Defendants Rooney and Buehler. Attached to the 2011 10-K were the Sarbanes-Oxley Act of 2002 ("SOX") certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2011 10-K.

21.     On May 9, 2012, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended March 31, 2012 (the "2012 First Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

22.     The 2012 First Quarter 10-Q was signed by Defendants Rooney and Buehler. Attached to the 2012 First Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2012 First Quarter 10-Q.

23.     On August 7, 2012, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended June 30, 2012 (the "2012 Second Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

24.     The 2012 Second Quarter 10-Q was signed by Defendants Rooney and Buehler. Attached to the 2012 Second Quarter 10-Q were the SOX certifications

Class Action Complaint for Violation of the Federal Securities Laws

signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2012 Second Quarter 10-Q.

25.   On November 8, 2012, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended September 30, 2012 (the "2012 Third Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

26.   The 2012 Third Quarter 10-Q was signed by Defendants Rooney and Buehler. Attached to the 2012 Third Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2012 Third Quarter 10-Q.

27.   On March 12, 2013, the Company filed a materially false and misleading Form 10-K for the fiscal year ended December 31, 2012 (the "2012 10-K") with the SEC, which misstated that the Company's internal control over financial reporting was effective.

28.   The 2012 10-K was signed by Defendants Rooney and Buehler. Attached to the 2012 10-K were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2012 10-K.

29.   On May 9, 2013, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended March 31, 2013 (the "2013 First Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

30.   The 2013 First Quarter 10-Q was signed by Defendants Rooney and Buehler. Attached to the 2013 First Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2013 First Quarter 10-Q.

31.   On August 6, 2013, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended June 30, 2013 (the "2013

Class Action Complaint for Violation of the Federal Securities Laws

1   Second Quarter 10-Q"), which failed to disclose deficiencies in the Company's
2   internal control over financial reporting.

3         32.    The 2013 Second Quarter 10-Q was signed by Defendants Rooney and
4   Buehler. Attached to the 2013 Second Quarter 10-Q were the SOX certifications
5   signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the
6   2013 Second Quarter 10-Q.

7         33.    On November 7, 2013, the Company filed with the SEC a materially
8   false and misleading Form 10-Q for the quarterly period ended September 30, 2013
9   (the "2013 Third Quarter 10-Q"), which failed to disclose deficiencies in the
10  Company's internal control over financial reporting.

11        34.    The 2013 Third Quarter 10-Q was signed by Defendants Rooney and
12  Buehler. Attached to the 2013 Third Quarter 10-Q were the SOX certifications signed
13  by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2013 Third
14  Quarter 10-Q.

15        35.    On March 11, 2014, the Company filed a materially false and misleading
16  Form 10-K for the fiscal year ended December 31, 2013 (the "2013 10-K") with the
17  SEC, which misstated that the Company's internal control over financial reporting
18  was effective.

19        36.    The 2013 10-K was signed by Defendants Rooney and Buehler.
20  Attached to the 2013 10-K were the SOX certifications signed by Defendants Rooney
21  and Buehler falsely attesting to the accuracy of the 2013 10-K.

22        37.    On May 8, 2014, the Company filed with the SEC a materially false and
23  misleading Form 10-Q for the quarterly period ended March 31, 2014 (the "2014
24  First Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal
25  control over financial reporting.

26        38.    The 2014 First Quarter 10-Q was signed by Defendants Rooney and
27  Buehler. Attached to the 2014 First Quarter 10-Q were the SOX certifications signed
28

- 7 -

1  by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2014 First

2  Quarter 10-Q.

3        39.    On June 25, 2014, the Company announced the sudden resignation of

4  Defendant Buehler, effective that day.

5        40.    On August 7, 2014, the Company filed with the SEC a materially false

6  and misleading Form 10-Q for the quarterly period ended June 30, 2014 (the "2014

7  Second Quarter 10-Q"), which failed to disclose deficiencies in the Company's

8  internal control over financial reporting.

9        41.    The 2014 Second Quarter 10-Q was signed by Defendants Rooney and

10  Gay. Attached to the 2014 Second Quarter 10-Q were the SOX certifications signed

11  by Defendants Rooney and Gay falsely attesting to the accuracy of the 2014 Second

12  Quarter 10-Q.

13        42.    On November 10, 2014, the Company filed with the SEC a materially

14  false and misleading Form 10-Q for the quarterly period ended September 30, 2014

15  (the "2014 Third Quarter 10-Q"), which failed to disclose deficiencies in the

16  Company's internal control over financial reporting.

17        43.    The 2014 Third Quarter 10-Q was signed by Defendants Rooney and

18  Gay. Attached to the 2014 Third Quarter 10-Q were the SOX certifications signed by

19  Defendants Rooney and Gay falsely attesting to the accuracy of the 2014 Third

20  Quarter 10-Q.

21  **The Truth Begins to Emerge**

22        44.    On September 10, 2014, the Company issued a press release and filed as

23  a Form 8-K with the SEC on the following day announcing the search for a new

24  Chief Sales Officer. It states in relevant parts:

25      Energy Recovery Inc. (Nasdaq:ERII), the leader in capturing reusable

26  energy from industrial fluid flows and pressure cycles, today

27  announced that ***effective immediately, it has terminated the***

28  ***employment relationship with its Senior Vice President of Sales,***
    ***Borja Sanchez-Blanco, for cause. The Company recently became***

Class Action Complaint for Violation of the Federal Securities Laws

*aware that Mr. Blanco had breached a duty of trust and engaged in conduct which created a conflict of interest with the Company over the course of several years, not in keeping with the Company's standards for ethics and integrity.*

(emphasis added)

45.     On this news, shares of the Company fell $0.15 per share or over 3% from its previous closing price to close at $4.03 per share on September 11, 2014, damaging investors.

46.     On January 13, 2015, the Company issued a press release and filed a Form 8-K with the SEC announcing the abrupt resignation of Defendant Rooney as its Chief Executive Officer.

47.     On this news, shares of the Company fell $0.54 per share or over 12% from its previous closing price to close at $3.90 per share on January 14, 2015, damaging investors.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the common stock of Energy Recovery during the Class Period and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

49.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Energy Recovery's common stock was actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class. Members of the Class may be identified from records maintained by Energy

Recovery or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

50. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

51. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

52. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a. whether the federal securities laws were violated by Defendants' acts as alleged herein;

b. whether the misstatements and omissions alleged herein were made with scienter;

c. whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business and operations of Energy Recovery; and

d. to what extent the members of the Class have sustained damages, and the proper measure of damages.

53. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

Class Action Complaint for Violation of the Federal Securities Laws

## Applicability of Presumption of Reliance:
## <u>Fraud on the Market Doctrine</u>

54.    At all relevant times, the market for Energy Recovery common stock was an efficient market for the following reasons, among others:

a.    Energy Recovery's stock met the requirements for listing, and was listed and actively traded on NASDAQ, a highly efficient and automated market;

b.    During the class period, on average, over hundreds of thousands of shares of Energy Recovery stock were traded on a weekly basis, demonstrating a very active and broad market for Energy Recovery and permitting a very strong presumption of an efficient market;

c.    Energy Recovery regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

d.    Energy Recovery was followed by several securities analysts employed by a major brokerage firm who wrote reports that were distributed to the sales force and certain customers of his/her brokerage firm during the Class Period. Each of these reports was publicly available and entered the public marketplace;

e.    Numerous FINRA member firms were active market-makers in Energy Recovery stock at all times during the Class Period; and

f.    Unexpected material news about Energy Recovery was rapidly reflected and incorporated into the Company's stock price during the Class Period.

55.    As a result of the foregoing, the market for Energy Recovery's common stock promptly digested current information regarding Energy Recovery from all

- 11 -

publicly available sources and reflected such information Energy Recovery's stock price. Under these circumstances, all purchasers of Energy Recovery's common stock during the Class Period suffered similar injury through their purchase of Energy Recovery's common stock at artificially inflated prices, and a presumption of reliance applies.

**FIRST CLAIM**
**Violation of Section 10(b) of The Exchange Act**
**and Rule 10b-5 Promulgated Thereunder Against All Defendants**

56.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

57.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase Energy Recovery's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, each of the Defendants took the actions set forth herein.

58.     Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Energy Recovery's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

59.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged

Class Action Complaint for Violation of the Federal Securities Laws

and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of Energy Recovery as specified herein.

60.    These Defendants employed devices, schemes, and artifices to defraud while in possession of material adverse non-public information, and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Energy Recovery's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Energy Recovery and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of Energy Recovery's securities during the Class Period.

61.    Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the Individual Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these Defendants, by virtue of his responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of these Defendants enjoyed significant personal contact and familiarity with the other Defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (4) each of these Defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

Class Action Complaint for Violation of the Federal Securities Laws

62.   Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Energy Recovery's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and misstatements of the Company's financial condition throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

63.   As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Energy Recovery's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of Energy Recovery's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Energy Recovery's  securities during the Class Period at artificially high prices and were or will be damaged thereby.

64.   At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding Energy Recovery's financial results, which was not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or

Class Action Complaint for Violation of the Federal Securities Laws

otherwise acquired their Energy Recovery's securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

65.   By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

66.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

67.   This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM
### Violation of Section 20(a) of
### The Exchange Act Against the Individual Defendants

68.   Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

69.   The Individual Defendants acted as controlling persons of Energy Recovery within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, agency, ownership and contractual rights, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have

1  been misleading prior to and/or shortly after these statements were issued and had the
2  ability to prevent the issuance of the statements or to cause the statements to be
3  corrected.

4      70.    In particular, each of these Defendants had direct and supervisory
5  involvement in the day-to-day operations of the Company and, therefore, is presumed
6  to have had the power to control or influence the particular transactions giving rise to
7  the securities violations as alleged herein, and exercised the same.

8      71.    As set forth above, Energy Recovery and the Individual Defendants each
9  violated Section 10(b), and Rule 10b-5 promulgated thereunder, by their acts and
10 omissions as alleged in this Complaint.

11     72.    By virtue of their positions as controlling persons, the Individual
12 Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and
13 proximate result of Defendants' wrongful conduct, Plaintiff and other members of the
14 Class suffered damages in connection with their purchases of the Company's
15 securities during the Class Period.

16     73.    This action was filed within two years of discovery of the fraud and
17 within five years of each Plaintiff's purchases of securities giving rise to the cause of
18 action.

19     **WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

20     a.     Determining that this action is a proper class action, designating Plaintiff
21 as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the
22 Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

23     b.     Awarding compensatory damages in favor of Plaintiff and the other
24 Class members against all Defendants, jointly and severally, for all damages
25 sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial,
26 including interest thereon;

27     c.     Awarding Plaintiff and the Class their reasonable costs and expenses
28 incurred in this action, including counsel fees and expert fees; and

Class Action Complaint for Violation of the Federal Securities Laws

1       d.    Such other and further relief as the Court may deem just and proper.

2   **<u>JURY TRIAL DEMANDED</u>**

3       Plaintiff hereby demands a trial by jury.

4

5   Dated: January 20, 2015              Respectfully submitted,

6                                    **THE ROSEN LAW FIRM, P.A.**

7

8                                    /s/ Laurence Rosen

9                                    Laurence M. Rosen, Esq. (SBN 219683)

10                                   355 S. Grand Avenue, Suite 2450

                                 Los Angeles, CA 90071

11                                   Telephone: (213) 785-2610

                                 Facsimile: (213) 226-4684

12                                   Email: lrosen@rosenlegal.com

13                                   Counsel for Plaintiff Sabatino

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 17 -

## Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against Energy Recovery, Inc.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Energy Recovery, Inc.. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

**First name:**   Joseph
**Middle initial:**
**Last name:**   Sabatino
**Address:**
**City:**
**State:**
**Zip:**            REDACTED
**Country:**
**Facsimile:**
**Phone:**
**Email:**



Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.
2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.
3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.
4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.
5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.
6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 2/19/2014 | 400 | 4.59 |

7. I have not served as a representative party on behalf of a class under the federal security laws during the last three years, except if detailed below. [ ]

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate:          **YES**

**Certification for Joseph Sabatino (cont.)**

By clicking on the button below, I intend to sign and execute
this agreement and retain the Rosen Law Firm, P.A. to
proceed on Plaintiff's behalf, on a contingent fee basis.          **YES**

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic
Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 01/15/2015