UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENERGY RECOVERY INC. SECURITIES LITIGATION. | Case No. 15-cv-00265-EMC<br><br>**ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND; AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 45, 50 |

Currently pending before the Court is Lead Plaintiff's motion for leave to amend. Lead Plaintiff seeks leave to amend in order to, in essence, (1) add factual allegations to strengthen the allegations in the currently operative complaint and (2) to add new factual allegations. Having considered the parties' briefs, the Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for October 8, 2015.

Under Federal Rule of Civil Procedure 15, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court instructed that a court should consider the following factors in deciding whether to allow amendment:

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be "freely given."

*Id.* at 182. "'Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.'" *Sharkey v. O'Neal*,

778 F.3d 767, 774 (9th Cir. 2015).

In the instant case, Defendants have opposed the motion on the basis of futility. "[D]enial on [the ground of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411 OWW/GSA, 2010 U.S. Dist. LEXIS 20862, at *39 (E.D. Cal. Feb. 16, 2010); *see also Saes Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (noting that, "[w]hile courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend"); *Sonus Networks v. Inventergy, Inc.*, No. C-15-0322 EMC, 2015 U.S. Dist. LEXIS 61564, at *4 (N.D. Cal. May 11, 2015) ("conclud[ing] that it is more appropriate to address the sufficiency of the complaint as amended under a Rule 12(b)(6) motion" as "[t]his approach comports with the spirit of the Federal Rules of Civil Procedure, under which leave should be freely given and a decision on the merits encouraged"). The Court has reviewed the allegations in the proposed amended complaint and finds that Defendants have not shown that the pleading "would *clearly* be subject to dismissal." *Saes Getters*, 219 F. Supp. 2d at 1086 (emphasis added). At the very least, the Court finds that the merits of the pleading warrant fuller briefing than in the context of a motion for leave to amend. Thus, the Court concludes that Defendants' "arguments are more appropriately raised in a motion to dismiss or other dispositive motion, not on a Rule 15(a) motion where the governing standard is one of 'extreme liberality.'" *Giuliano v. SanDisk Corp.*, No. C 10-02787 SBA, 2014 U.S. Dist. LEXIS 132163, at *22 (N.D. Cal. Sept. 19, 2014).

Accordingly, Lead Plaintiff's motion for leave to amend is **GRANTED**. Lead Plaintiff shall file the proposed complaint (attached as an exhibit to his motion) within a day of this order. Because the Court is granting the motion for leave to amend, Defendants' currently pending motion to dismiss is **DENIED** as moot.

Upon the filing of the amended complaint, Defendants shall have thirty (30) days thereafter to file a response to the pleading. If Defendants file a motion to dismiss, the motion shall be

noticed for a hearing date in accordance with the Civil Local Rules.  The briefing schedule shall also comply with the Civil Local Rules.  Defendants' motion and Lead Plaintiff's opposition shall be no greater than thirty (30) pages in length; Defendants' reply shall be no greater than eighteen (18) pages.

This order disposes of Docket Nos. 45 and 50.

**IT IS SO ORDERED.**

Dated: October 8, 2015

_____
EDWARD M. CHEN
United States District Judge