UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID BARNES, <br>     Plaintiff, <br> v. <br> ENERGY RECOVERY, INC., et al., <br>     Defendants. | Case No. 3:16-cv-00477-EMC (LB) <br><br> **ORDER** <br> Re: ECF No. 14 |
| IN RE: ENERGY RECOVERY, INC. SECURITIES LITIGATION | Case No. 3:15-CV-00265-EMC <br><br> **ORDER** |

    The parties in the *Barnes* case filed a discovery dispute about certain documents that the plaintiff retained in hard copy and in electronic form from his previous employment with Energy Recovery, Inc. ("ERI"). ERI moved to return the documents; the court allowed the plaintiff in the related securities litigation to permissively intervene for the sole purpose of opposing ERI's motion to return the documents.[1] The court held a hearing on April 7, 2016, fashioned a process

---

[1] ECF Nos. 14, 28; Order — ECF No. 53. Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDER (No. 3:16-cv-00477-EMC (LB))

for return of the information, and now captures that process in this order.

Several things are not contested. The parties agree that the hard copies can be returned, and ERI agrees that the plaintiff's private data should be excepted from return.[2] The parties also agree that everything that the plaintiff has in electronic form will be copied and given to ERI.[3] The *Barnes* parties' main dispute is about the implication of deleting the material from the plaintiff's hardware. The plaintiff in the related securities litigation issued a Rule 45 subpoena to preserve the electronically stored information ("ESI"), and the *Barnes* plaintiff fears that wiping the information from his computer is destroying evidence.[4]

To resolve this issue, the parties agreed to the following procedure in court. First, the plaintiff's counsel already has the ESI on a thumb drive and will provide it to ERI. Second, the plaintiff agreed to wipe the ESI from his devices and submit to a verification process through a third-party vendor. The parties will confer and agree to a vendor and a verification process. ERI will pay for the vendor. Third, the *Barnes* plaintiff's attorney will retain a full copy of the ESI. Fourth, the parties already agreed in the related securities litigation to a protective order that requires ERI to treat any information from the *Barnes* plaintiff as the subject of a continuing request for production from the securities-litigation plaintiff.[5]

The remaining issue is whether the *Barnes* plaintiff can share non-trade-secret information and documents with the plaintiff in the related securities case. (Barnes's lawyer — who will have the only copy of the ESI apart from ERI — represented at the hearing that he will not share trade-secret information.) Because the district judge dismissed the securities claims with leave to amend, the case is pre-discovery, and the securities-litigation counsel are investigating to more fully plead their securities claims against ERI.

Especially given the whistleblower protections in Sarbanes-Oxley and general case law, ERI's

---

[2] Opposition — ECF No. 35-1 at 13.

[3] *Id.*

[4] *Id.*

[5] Order, Case No. 3:15-cv-00265-EMC — ECF No. 88.

ORDER (No. 3:16-cv-00477-EMC (LB))　　　2

confidentiality agreement does not prevent the *Barnes* plaintiff from talking with counsel in the securities litigation. *See Brado v. Vocera Communications, Inc.*, 14 F. Supp. 3d 1316, 1319 (N.D. Cal. July 30, 2014). "To hold to the contrary would severely compromise plaintiffs' ability in securities cases to meet the heightened pleading requirements of the PSLRA." *Id.* The court elaborated on this point at the hearing, but in sum, a confidentiality agreement cannot defeat access to a percipient witness with useful information about alleged fraud. Moreover, there is no issue here of sharing trade-secret information; the securities-litigation plaintiff disavows interest in it, and the *Barnes* plaintiff's counsel can protect against its disclosure. The scope of the pre-complaint investigation instead is about misrepresentations by the defendants in the securities litigation, including two who overlap with the defendants in the *Barnes* case: former CEO Thomas Rooney and current CEO Joel Gay.

It is a different issue with respect to the documents. There is no formal request for documents; the Rule 45 subpoena is a preservation subpoena to prevent the return of information that the *Barnes* plaintiff might provide to the securities-litigation plaintiff. And because the securities litigation is pre-discovery, the court cannot order document production through ordinary channels, which would allow ERI to designate its productions under a protective order. Also, the court is reluctant to issue a blanket order about using information when it has no idea what the information is. The court also wonders whether the documents have any practical utility. The record suggests misrepresentations that ultimately are belied by public SEC filings. If that is so, a witness interview seems sufficient, and documents can await formal discovery.

Given that the parties agreed to return a copy of all information to ERI, the court devises the following process. The *Barnes* plaintiff must designate any document he wants to give counsel in the securities case. ERI may object. The *Barnes* parties must confer and raise any dispute to the court via the joint letter-brief process described in the court's standing order.

**IT IS SO ORDERED.**

Dated: April 7, 2016

LAUREL BEELER
United States Magistrate Judge

ORDER (No. 3:16-cv-00477-EMC (LB))         3