UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ENERGY RECOVERY, INC., SECURITIES LITIGATION | CASE NO.: 3:15-cv-00265-EMC |
| | CLASS ACTION |
| | **STIPULATION OF SETTLEMENT** |

This Stipulation of Settlement, dated as of February 15, 2017 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section IV, "DEFINITIONS" hereof) to the above-captioned securities class action litigation (the "Litigation"): (i) the Plaintiff (on behalf of himself and each of the Settlement Class Members), by and through his counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I. THE LITIGATION

On January 20, 2015, an action was filed in the United States District Court for the Northern District of California as a putative securities fraud class action on behalf of purchasers of Energy Recovery common stock, captioned *Sabatino v. Rooney, et al.*, Case No. 3:15-cv-00265-EMC. One additional related securities class action lawsuit, *Mowdy v. Rooney, et al.*, Case No. 3:15-cv-00374 was subsequently filed. On May 5, 2015, the Court entered an order consolidating the related class actions as *In re Energy Recovery, Inc. Securities Litigation*, Case No. 3:15-cv-00265-EMC. ECF No. 37. The Court also appointed Henry Low, as Lead Plaintiff pursuant to Section 21 D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and appointed Levi & Korsinsky LLP as Lead Counsel, and Punzalan Law as liaison counsel.

On June 11, 2015, Plaintiff filed the Class Action Consolidated Complaint for Violation of Federal Securities Laws (the "Complaint"). ECF No. 40. The Amended Complaint alleged violations of Sections 10(b) and 20(a) of the Exchange Act on behalf of a class of persons who purchased Energy Recovery common stock on May 8, 2014 through March 5, 2015, inclusive. The Amended Complaint alleged that Defendants made false and misleading statements regarding Energy Recovery's products and operations concerning the Company's oil and gas segment, and sought unspecified money damages and other relief.

On July 31, 2015, Defendants filed a motion to dismiss the Amended Complaint. ECF No. 45. Instead of opposing Defendants' motion, Plaintiff filed a motion for leave to amend the Amended Complaint on September 15, 2015. ECF No. 50. The Court granted Plaintiff's motion

for leave to amend on October 8, 2015, while also denying Defendants' motion to dismiss as moot. ECF No. 58.

On October 9, 2015, Plaintiff filed the Amended Class Action Consolidated Complaint for Violation of Federal Securities Laws (the "Amended Complaint"). ECF No. 59. Defendants moved to dismiss on November 9, 2015. ECF No. 64. The Court held a hearing on the motion on December 17, 2015, and subsequently issued an order denying in part and granting in part Defendants' motion on January 27, 2016. ECF No. 77.

On February 1, 2016, Plaintiff filed an emergency application for relief in an attempt to prevent the Company from allegedly destroying relevant evidence in the possession of a whistleblower. ECF No. 80. The Company denied attempting to destroy any relevant documents. On February 4, 2016, Plaintiff and the Company entered a stipulation resolving Plaintiff's emergency application, which the Court so-ordered on February 5, 2016. ECF No. 88.

On February 9, 2016, Plaintiff filed an administrative motion seeking leave to file a motion requesting a declaration concerning the terms of a non-disclosure agreement executed between Energy Recovery and a former employee. ECF No. 89. On February 11, 2016, the Court denied Plaintiff's administrative motion, but granted Plaintiff additional time to file a further amended complaint. ECF No. 91.

On March 2, 2016, Plaintiff filed a motion to intervene in a related case being brought by the former employee that was allegedly bound by the non-disclosure agreement referenced in the preceding paragraph. Docket No. 16-cv-477, ECF No. 28. Plaintiff sought to intervene in the related case for the purpose of opposing a motion filed by Energy Recovery seeking an order compelling the former employee to return documents and other materials Plaintiff believed to be relevant evidence in his class action case. The Court granted Plaintiff's motion to intervene on April 5, 2016. Docket No. 16-cv-477, ECF No. 53. The Court held a hearing in connection with Energy Recovery's motion to return documents on April 7, 2016, and subsequently issued an order granting in part and denying in part Energy Recovery's motion. Docket No. 16-cv-477, ECF Nos. 56-60.

Following additional investigation, on May 26, 2016, Plaintiff filed the Second Amended Class Action Consolidated Complaint for Violation of Federal Securities Laws (the "Second Amended Complaint"). ECF No. 99. The Second Amended Complaint alleged violations of Sections 10(b) and 20(a) of the Exchange Act on behalf of a class of persons who purchased Energy Recovery common stock on March 7, 2013 through March 5, 2015, inclusive. The Second Amended Complaint alleged that the Defendants made false and misleading statements regarding Energy Recovery's products and operations and seeks unspecified money damages and other relief.

Defendants moved to dismiss the Second Amended Complaint on June 13, 2016. ECF No. 100. The Court held a hearing on the motion on July 21, 2016. Following the hearing, but prior to receiving any decision on Defendants' motion from the Court, the parties agreed to attempt to resolve the matter through mediation. ECF No. 115.

On October 12, 2016, the parties participated in a mediation session with Robert A. Meyer, Esq. of JAMS. After a full day of negotiations, the parties reached an agreement in principle to settle the Litigation. On November 28, 2016, the parties executed a Memorandum of Understanding ("MOU"). The Settling Parties have agreed to settle this case as expressed herein.

## II. CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLEMENT

Plaintiff believes that the claims asserted in the action have merit and that the evidence developed to date supports the claims. Nevertheless, Plaintiff recognizes that a number of his claims were dismissed on the motion to dismiss leaving only the claim related to a single oral statement the correct interpretation of which is disputed by the parties and accordingly, he would face substantial risks if he were to further litigate this case. Plaintiff also recognizes that Defendants have denied the material allegations in the Second Amended Complaint and that they strongly dispute the central premise of the Complaint that Energy Recovery's products remained in the engineering prototype phase during the Class Period. Plaintiff recognizes that during the Class Period, Energy Recovery claims it was selling its IsoBoost products to commercial customers and that soon after the Class Period Energy Recovery claims it was able to make record sales of IsoBoost to a major new customer. Plaintiff and his counsel also have taken into account

the uncertain outcome and the risk of any litigation, especially in complex actions such as this action, as well as the difficulties and delays inherent in such litigation. Plaintiff and his counsel also are mindful of the inherent problems of proof, and possible defenses to the securities law violations asserted in the action and that Defendants have vigorously disputed the elements of falsity, scienter and loss causation. Plaintiff and his counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiff and his counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiff and the Settlement Class.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Plaintiff in the Litigation. Defendants deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation, especially the central premise of Plaintiff's claims that Energy Recovery's products remained in the engineering prototype phase during the Class Period. Defendants assert that Plaintiff is unable to prove falsity or scienter in support any of his allegations. Defendants also have denied and continue to deny, among other things, the allegations that the Plaintiff or the Settlement Class have suffered damages and that the Plaintiff or the Settlement Class were harmed by the conduct alleged in the Complaint or its predecessor complaints. Nonetheless, Defendants have agreed to enter into the Settlement to avoid the expense, distraction, and time associated with continuing the Litigation. Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiff, acting on behalf of himself and all Settlement Class Members, and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), the Litigation, the Released Claims, and all matters encompassed within the scope of the releases set forth or referenced in this Stipulation shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to all Released Persons, upon and subject to the terms and conditions of the Stipulation, as follows:

**DEFINITIONS**

As used in this Stipulation, the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claimant" means any Settlement Class Member who files a Proof of Claim and Release in such form and manner, and within such time, as the Court shall prescribe.

1.3 "Claims Administrator" means Garden City Group, LLC.

1.4 "Complaint" means the Second Amended Class Action Consolidated Complaint for Violation of Federal Securities Laws, filed in the Litigation on May 26, 2016, Docket No. 99.

1.5 "Counsel for the Settlement Class" means Levi & Korsinsky LLP, and includes and Punzalan Law, P.C. as Liaison Counsel.

1.6 "Court" means the United States District Court for the Northern District of California.

1.7 "Defendants" mean Energy Recovery, Inc., Thomas S. Rooney Jr., and Audrey Bold.

1.8 "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.1 of the Stipulation have been met and have occurred.

1.9 "Escrow Account" means the interest-bearing account controlled by the Escrow Agent.

1.10 "Escrow Agent" means Garden City Group, LLC.

1.11 "Final Judgment" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed, or if such a motion is filed, an order denying such motion; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been noticed or taken; and (iii) if any appeal is taken, immediately after (a) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment, or (b) the date of final affirmance on appeal of the Judgment, the expiration of time for any further judicial review, whether, by appeal, reconsideration, or a petition for writ of certiorari and if, certiorari is granted, the date of final affirmance of the Judgment following review pursuant to such grant. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and/or expenses, the Plan of Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims; any proceeding or appeal pertaining solely to one or more of these excluded issues shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.12 "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, and whether the Court should enter a Judgment approving the proposed Settlement.

1.13 "Energy Recovery" means Energy Recovery, Inc.

1.14 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, in the form attached hereto as Exhibit B, or such other substantially similar form agreed to by the Settling Parties.

1.15 "Lead Counsel" means Levi & Korsinsky LLP, and includes and Punzalan Law, P.C. as Liaison Counsel.

1.16 "Lead Plaintiff" and/or "Plaintiff" means Henry Low, appointed as Lead Plaintiff by order of the Court dated May 5, 2015.

1.17 "Net Settlement Fund" means the Settlement Fund less (i) any Court-awarded attorneys' fees, costs, and expenses; (ii) any Court-approved award to Plaintiff; (iii) notice and administration costs; (iv) Taxes and Tax Expenses; and (v) other Court-approved deductions that occur before distribution of the proceeds of the Settlement Fund to the Settlement Class.

1.18 "Notice" shall mean the Notice of Pendency and Proposed Settlement of Class Action, in the form annexed hereto as Exhibit A-1 to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties.

1.19 "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.21 "Plaintiff's Counsel" means Lead Counsel and Counsel for the Settlement Class.

1.22 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Persons shall have no responsibility therefore or liability with respect thereto.

1.23 "Preliminary Approval Order" means the [Proposed] Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to Settlement Class, in the form annexed hereto as Exhibit A, or such other substantially similar form agreed to by the Settling Parties, as entered by the Court.

1.24 "Related Persons" means each of the following Persons, whether or not each or all of the following Persons or entities were named, served with process, or appeared in the Litigation: (a) any Person that is or was related to or affiliated or associated with any or all of the

Defendants or in which any or all of them has or had a controlling interest; and (b) with respect to the Defendants, and the individuals and entities set forth or described in (a), each of their respective spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, underwriters, brokers, dealers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, of each and all of the foregoing.

1.25 "Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent (including Unknown Claims), that Plaintiffs or any or all other members of the Settlement Class ever had, now have, or may have, whether direct, individual, class, derivative, representative, legal, equitable or of any other type, or in any other capacity, based on his, her, or its purchase, sale or ownership of Energy Recovery common stock during the Settlement Class Period, against any of the Released Persons, whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule, which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, or previously were based upon, arose out of, resulted from, related to or involved, directly or indirectly, any of the actual, alleged or attempted actions, inactions, conduct, transactions, contracts, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, or could have been, alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or

indirectly, the Litigation or the subject matter of the Litigation, in any court, tribunal, forum; provided, however, that the released claims shall not include the right to enforce the Stipulation; and (ii) Defendants and Insurer shall provide a release of Plaintiff and Plaintiff's Counsel of all claims arising from the institution, prosecution, assertion, settlement, or resolution of this action.

1.26 "Released Persons" means each and all of the Defendants and Energy Recovery and their Related Persons.

1.27 "Settlement" means the settlement between Plaintiff, on behalf of himself and the Settlement Class Members, and the Defendants on the terms set forth in this Stipulation.

1.28 "Settlement Class," "Settlement Class Member(s)," or "Members of the Settlement Class" mean all Persons who purchased the common stock of Energy Recovery during the period March 7, 2013 through March 5, 2015, inclusive. Excluded from the Settlement Class are Defendants, the officers and directors of Energy Recovery at all relevant times, members of the Defendants' immediate families and their legal representatives, subsidiaries of Energy Recovery, any firm, entity, or corporation in which any Defendant and/or any member(s) of a Defendant's immediate family has or have a controlling interest, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and the legal representatives, heirs, or successors-in-interest or assigns of Defendants. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

1.29 "Settlement Class Period" means the period March 7, 2013 through March 5, 2015, inclusive.

1.30 "Settlement Fund" means the principal amount of Three Million Eight Hundred Fifty Thousand Dollars ($3,850,000), plus any accrued interest earned thereon.

1.31 "Settling Parties" means, collectively, the Defendants and the Plaintiff on behalf of themselves and the Settlement Class Members.

1.32 "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits hereto, each of which is incorporated by reference as though set forth in the Stipulation itself.

1.33 "Summary Notice" means the summary notice describing the Settlement of the Litigation and the hearing on the Settlement, in the form annexed hereto as Exhibit A-3 to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties.

1.34 "Supplemental Agreement" means the agreement described in ¶ 8.3.

1.35 "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

1.36 "Tax Expenses" means any tax-related expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶ 2.8.

1.37 "Unknown Claims" means any claims that the Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decisions with respect to this Settlement. Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiff upon the Effective Date shall expressly, fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard

to the subsequent discovery or existence of such different or additional facts. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code Section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release in, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542. Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims and the foregoing waiver were separately bargained for and a key element of the Settlement of which this release is a material and essential part.

**<u>THE SETTLEMENT</u>**

***The Settlement Fund***

2.1 In consideration of the terms of this Settlement, Energy Recovery and/or its Insurer ("Insurer") shall cause certain payment(s) to be made to the Settlement Class, as set forth below, in full settlement of all Released Claims against the Released Persons. To enable timely payment, Plaintiff's Counsel shall provide Defendants' counsel and/or Insurer with wire instructions and a W-9 no later than the date on which the motion for preliminary approval of the Settlement is filed. Within thirty (30) days of the entry of the Preliminary Approval Order granting preliminary

approval of the Settlement, the sum of $3,850,000 (Three Million Eight Hundred Fifty Thousand Dollars) shall be deposited by Insurer and/or Energy Recovery into the Settlement Fund;

2.2 Subject to ¶¶ 2.9 and 6.1 below, the payments described in ¶ 2.1 are the only payments to be made by or on behalf of Defendants in connection with this Settlement. Subject to ¶¶ 2.9, 6.2 and 7.1-7.6 below, all fees, costs, and expenses incurred by or on behalf of the Plaintiff's and the Settlement Class associated with this Settlement, including, but not limited to, Taxes, Tax Expenses, any administrative costs and costs of providing notice of the Settlement to Settlement Class Members, and any award of attorneys' fees and expenses of Lead Counsel shall be paid from the Settlement Fund, and in no event shall Defendants or their Related Persons bear any additional responsibility or liability for any such fees, costs, taxes, or expenses.

***The Escrow Agent***

2.3 The Escrow Agent shall invest the Settlement Fund(s) deposited pursuant to ¶ 2.1 hereof in short term United States agency or other Treasury securities or other instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent except to the extent such investment decisions were made in accordance with the Released Persons' instruction.

2.4 The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by an order of the Court.

2.5 Subject to further order and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.6 All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.7 Without further order of the Court, the Settlement Fund may be used by Plaintiff's Counsel to pay reasonable costs and expenses reasonably incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any. If the Effective Date does not occur, the Settlement Fund will be returned to Defendants and their Insurers, less any taxes paid or costs or expenses incurred in connection with providing notice to the Settlement Class and administering the Settlement. In no event shall the Released Persons have any responsibility for or liability for the administration of the Settlement Fund.

***Taxes***

2.8 (a) The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶ 2.8(a) hereof) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.8(c) hereof.

(c) All Taxes and Tax Expenses shall be paid out of the Settlement Fund; in no

event shall the Released Persons or their counsel have any responsibility for, or liability whatsoever with respect to, the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons harmless for any Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither the Released Persons, their counsel, or their insurers are responsible, nor shall they have any liability, with respect to any Taxes or Tax Expenses. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

***Termination of the Settlement***

2.9 In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason (*see infra* ¶¶ 8.1-8.7), the Settlement Fund, including accrued interest, less any expenses and taxes paid, incurred or due and owing in connection with notice and administration of the Settlement shall be refunded to such Persons that paid the Settlement Fund(s) pursuant to written instructions from Defendants' counsel to the Escrow Agent in accordance with Paragraph 8.4 herein.

**PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL HEARING**

3.1 Promptly after execution of the Stipulation, Plaintiff's Counsel shall submit the Stipulation together with its Exhibits to the Court, and Plaintiff's Counsel shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, among other things, the preliminary approval of the Settlement set forth in the Stipulation, and approval for mailing the Notice, in the form of Exhibit A-1 attached hereto, or such other

substantially similar form agreed to by the Settling Parties, and publication of the Summary Notice, in the form of Exhibit A-3 attached hereto, or such other substantially similar form agreed to by the Settling Parties.

3.2 Plaintiff's Counsel shall request that after notice is given, the Court hold a Final Approval Hearing to consider and determine whether to approve the Settlement pursuant to the terms of this Stipulation as fair, reasonable, and adequate, and whether the Judgment, substantially in the form of Exhibit B attached hereto, should be entered approving the Settlement as set forth herein and dismissing the Litigation with prejudice. At or after the Final Approval Hearing, Plaintiff's Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**CERTIFICATION OF THE SETTLEMENT CLASS**

4.1 Solely for purposes of this Settlement, and subject to approval by the Court, the Settling Parties agree that the Settlement Class shall be certified and Plaintiff and Lead Counsel shall be appointed as representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23, as set forth in the Preliminary Approval Order. For settlement purposes only, and for no other purpose than as set forth in and to effectuate this Stipulation, Defendants will not object to such certification on the terms set forth in this Stipulation. If the Settlement Class is not certified, the Litigation will, for all purposes with respect to the Settling Parties, revert to its status as of the day immediately preceding the execution of the MOU. In such event, (i) Defendants will not be deemed to have consented to the certification of any class, (ii) the Stipulation concerning the class definition or class certification shall not be used as evidence or in an argument in support of class definition or class certification, and (iii) Defendants will retain all rights to oppose class certification.

**RELEASES**

5.1 The satisfaction of the obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Released Claims.

5.2 Upon the Effective Date, Plaintiff, and each and every Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever

released, relinquished, discharged, and dismissed all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form, and whether or not such Settlement Class Member shares in the Settlement Fund.

5.3 Upon the Effective Date, Plaintiff and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims (including Unknown Claims) against any of the Released Persons, provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement.

5.4 Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, the Settlement Class Members, and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement.

5.5 Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants with respect to their Insurers, including, but not limited to, any rights or claims under any directors' and officers' liability insurance or other applicable insurance coverage maintained by Energy Recovery.

**ADMINISTRATION AND CALCULATION OF CLAIMS AND SUPERVISION AND DISTRIBUTION OF SETTLEMENT FUND**

6.1 The Claims Administrator, subject to such supervision and direction of Plaintiff's Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2 The Settlement Fund shall be applied as follows:

(a) to pay the fees and expenses reasonably and actually incurred in connection with providing notice, including:

i. Printing and mailing of the Notice and Proof of Claim and Release to the Settlement Class;

ii. Publication of the Summary Notice;

iii. The Claims Administrator's costs and fees for services performed in connection with the administration of the Settlement contemplated by this Stipulation;

iv. Costs to reimburse brokers or nominees in connection with dissemination of the Notice to the Class;

v. Fees and expenses reasonably and actually incurred in locating Settlement Class Members;

(b) to pay the fees and expenses reasonably and actually incurred in connection with assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, and processing Proofs of Claim;

(c) to pay escrow fees and costs, if any;

(d) to pay Taxes and Tax Expenses;

(e) after the Judgment is Final, to pay Plaintiff's Counsel's attorneys' fees and expenses if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(f) after the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation and Plan of Allocation, as approved by the Court.

6.3 After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following. Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of

Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim. All Proofs of Claim must be submitted by the date specified in the Notice, unless such period is extended by the Court.

6.4 Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Plaintiff's Counsel shall have the discretion to accept late-submitted claims so long as distribution of the Net Settlement Fund is not materially delayed thereby.

6.5 The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with a Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Plaintiff's Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be, subject to the payment of any additional previously unreimbursed fees, costs, and expenses related to the administration of the Settlement, donated to an appropriate, non-profit 501(c)(3) charitable organization as determined by Plaintiff's Counsel.

6.6 Defendants and Defendants' counsel shall have no role in, responsibility for, interest in, or liability with respect to any of the following: (a) any act, omission, or determination of Plaintiff's Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with administering the Settlement; (b) the management, investment or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the review, determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (f) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the

taxation of the Settlement Fund or filing of any returns; provided, however, Energy Recovery agrees to provide the Claims Administrator with record stockholder lists as requested. No Person shall have any claim of any kind against the Released Persons with respect to the administration, investment, distribution, and/or supervision of the Settlement Fund, and Plaintiff, the Settlement Class Members, and Plaintiff's Counsel release Defendants and Defendants' counsel from any and all liability arising from or with respect to the administration, investment, distribution, and/or supervision of the Settlement Fund.

6.7 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. It is further understood and agreed by the Settling Parties that any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

**PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND EXPENSES**

7.1 Plaintiff's Counsel may submit an application or applications (the "Fee and Expense Application") for an award of attorneys' fees not to exceed 25% of the Settlement Fund, plus expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Plaintiff's Counsel reserve the right to make additional applications for fees and expenses incurred in connection with the preservation of the Settlement Fund and/or the administration of the Settlement. Defendants shall take no position with respect to Plaintiff's Counsel's Fee and Expense Application.

7.2 The Fee and Expense Award, if and to the extent allowed by the Court, shall be available for distribution to Plaintiff's Counsel after entry of an order by the Court awarding such fees and expenses, in accordance with ¶ 6.2.

7.3 In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiff's Counsel shall within ten (10) days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund (less the deductions provided in ¶¶ 2.7 and 2.8) to the Settlement Fund the fees and expenses previously paid to Plaintiff's Counsel from the Settlement Fund, plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification. Plaintiff's Counsel receiving fees and expenses, agree as a condition of receiving such fees and expenses, that they are subject to the jurisdiction of the Court for the purpose of enforcing this paragraph.

7.4 The procedure for and the allowance or disallowance by the Court of any applications by Plaintiff's Counsel for attorneys' fees and expenses, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth herein.

7.5 The Released Persons shall have no responsibility for, or liability with respect to, the payment of any Fee and Expense Award to Plaintiff's Counsel out of the Settlement Fund.

7.6 The Released Persons shall have no responsibility for the allocation among Plaintiff's Counsel and/or any other Person who may assert some claim thereto, and the Released Persons take no position with respect to such matters.

**CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

8.1 The Effective Date of this Stipulation shall be the date when all of the following shall have occurred and is conditioned on the occurrence of all of the following events:

(a) The Court has entered the Preliminary Approval Order as described in ¶ 3.1 hereof;

(b) Defendants' Insurers have paid or caused to be paid into the Escrow Account the amount(s) set forth in ¶ 2.1;

(c) Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 8.3 hereof;

(d) The Court has entered the Judgment, substantially in the form of Exhibit B attached hereto, or such other substantially similar form agreed to by the Settling Parties; and

(e) A Final Judgment, as defined in ¶ 1.11 hereof.

8.2 Upon the occurrence of all of the events referenced in ¶ 8.1 hereof, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶ 8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶ 8.5 hereof unless Plaintiff's Counsel and counsel for Defendants mutually agree in writing to otherwise proceed with the Stipulation.

8.3 Defendants shall have the option in their sole and absolute discretion the option to withdraw and terminate the Settlement in the event the aggregate number of shares of Energy Recovery common stock purchased or otherwise acquired by Persons who would otherwise be entitled to participate as Settlement Class Members but who timely and validly request exclusion from the Class, equals or exceeds a percentage ("Opt-Out Threshold") to be agreed to in a separate, confidential supplemental agreement (the "Supplemental Agreement") executed between Plaintiff's Counsel and Defendants' counsel, which is incorporated by reference into this Stipulation. The Supplemental Agreement will not be filed with the Court unless requested by the Court or unless a dispute among the Settling Parties concerning its interpretation or application arises and in that event, the parties shall request that the Supplemental Agreement be filed and maintained under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.

8.4 Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or the Effective Date shall not occur for any reason, then within ten (10) days after written notification of such event is sent by counsel for Defendants or Plaintiff's Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses and costs reasonably and actually incurred pursuant to ¶ 2.7 and Taxes and Tax Expenses that have been paid pursuant to ¶ 2.8 hereof, shall be refunded by Plaintiff's Counsel to the entity or entities that provided the funds, based on their *pro rata* contribution to the Settlement Fund, as indicated in writing to Plaintiff's Counsel and the Escrow Agent by Defendants' counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, in a similar *pro rata* manner, pursuant to written instructions from Defendants' counsel.

8.5 In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or rendered null and void and of no force and effect as to all Settling Parties the certification of the Settlement Class shall, except as provided herein, be deemed vacated, the Litigation shall proceed as though the Class had never been certified, and no reference to the certification of the Class, or to the Stipulation or any documents related thereto, shall be made by the Settling Parties for any purpose, except as expressly authorized by the terms of the Stipulation. In such event, the Settling Parties shall be deemed to have reverted to their respective status and litigation positions in the Litigation as of the date and time immediately prior to the execution of the MOU. Moreover, in such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 2.7-2.9, 8.3-8.4, 8.7, and 9.4-9.6 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court shall constitute grounds for cancellation or termination of the Stipulation. Defendants reserve the right to oppose certification of any plaintiff class in any proceeding (including, but not limited to, any

proceedings in the Litigation).

8.6 Defendants will provide to Plaintiff's Counsel such reasonable documentary confirmatory discovery as is reasonably necessary for Plaintiff to confirm the fairness, reasonableness and adequacy of the Settlement and the parties will attempt in good faith to complete such discovery within a reasonable period of time. Plaintiff shall agree to the terms of a reasonable confidentiality order to govern confirmatory discovery. If, after conducting such discovery, counsel for the Plaintiff, or any of them, conclude that the Settlement is not fair, reasonable and adequate, they shall so inform counsel for Defendants in writing within 5 calendar days and at that point the Settlement will be null and void.

8.7 Notwithstanding any provision herein to the contrary, if the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed pursuant to ¶¶ 2.7-2.8 hereof. In addition, any expenses already incurred and properly chargeable pursuant to ¶ 2.7 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶ 2.9 and 8.4 hereof.

**MISCELLANEOUS PROVISIONS**

9.1 The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2 Pending final determination of whether the Stipulation should be approved, Plaintiff's Counsel, Plaintiff, and the Settlement Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Persons.

9.3 The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any

claim or defense. The Final Judgment will contain a finding that, during the Course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.4 Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including its exhibits, all negotiations, discussions, drafts, and proceedings in connection with this Settlement, and any act performed or document signed in connection with the Settlement, shall not, in this or any other court, administrative agency, arbitration forum, or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of: (i) any acts of wrongdoing or lack thereof; (ii) any liability on the part of any of the Defendants or the Released Persons to Plaintiff, the Settlement Class, or anyone else; (iii) any deficiency of any claim or defense that has been or could have been asserted in the Litigation; or (iv) any damages, or lack of damages, suffered by Plaintiff, the Settlement Class, or anyone else.

9.5 Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and their Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

9.6 All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.7 All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.8 This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.9 The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10 The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Settling Party shall bear its own costs.

9.11 Plaintiff's Counsel, on behalf of the Settlement Class, are expressly authorized by the Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class that they deem appropriate.

9.12 Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

9.13 The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.14 The Stipulation may be executed in one or more counterparts, including by signature transmitted by email in pdf format. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

9.15 The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.16 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.17 The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

9.18 This Stipulation supersedes the MOU dated November 28, 2016.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of February 15, 2017.

Dated: February 15, 2017

LEVI & KORSINSKY LLP
Nicholas I. Porritt
Adam M. Apton
1101 30th Street NW, Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Facsimile: (202) 333-2121

By: [signature]
Nicholas I. Porritt
*Attorneys for Lead Plaintiff Henry Low*

Dated: February 15, 2017

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
David M. Furbush
James M. Lindfelt
2550 Hanover Street
Palo Alto, CA 94304-1115
Tel: (650) 233-4500
Fax: (650) 233-4545

By: [signature]
David M. Furbush
*Attorneys for Defendants*