Nicholas I. Porritt (admitted *pro hac vice*)
Adam M. Apton (admitted *pro hac vice*)
LEVI & KORSINSKY LLP
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
nporritt@zlk.com
aapton@zlk.com

*Attorneys for Lead Plaintiffs Henry Low*
*and Lead Counsel for the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENERGY RECOVERY INC. SECURITIES LITIGATION | Master Docket No. 3:15-CV-00265-EMC<br><br>**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION OF LEAD PLAINTIFF FOR AN ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO THE CLASS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hon. Edward M. Chen<br><br>Date: Thursday, March 23, 2017<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor |

## <u>NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION</u>

PLEASE TAKE NOTICE that Lead Plaintiff Henry Low, by his counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure 23(e) for an order: (1) granting preliminary approval of the Stipulation of Settlement; (2) granting provisional certification of the class for the purposes of settlement; and (3) directing dissemination of notice to the Settlement Class. The Motion is set for

1  hearing at 1:30 p.m. on Thursday, March 23, 2017, in the courtroom of the Honorable Edward M. Chen,

2  United States District Court for the Northern District of California, San Francisco Courthouse,

3  Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102. Defendants have

4  reviewed this Notice of Motion, Motion, and the accompanying Memorandum of Points and

5  Authorities in Support thereof and have indicated that they do not intend to oppose this Motion.

6       The Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of

7  Points and Authorities in Support thereof; the Stipulation of Settlement filed herewith (ECF No. 126);

8  all other pleadings and papers filed in this action; and such matters as may be presented to the Court

9  before or at the time of the hearing.

10  **STATEMENT OF ISSUES TO BE DECIDED**

11       1.      Whether the stipulation of settlement should be preliminarily approved.

12       2.      Whether the provisional certification of a settlement class under Rule 23 of the Federal

13  Rules of Civil Procedures ("Rule 23") is appropriate.

14       3.      Whether the proposed notice is adequate.

# **TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................................1

II.   SUMMARY OF LITIGATION AND SETTLEMENT NEGOTIATIONS .....................2

    A.    Lead Plaintiffs' Claims and Allegations............................................. 2

    B.    Procedural History and Lead Counsel's Investigation ...................... 3

    C.    Settlement Negotiations....................................................................... 5

III.  THE PROPOSED TERMS OF SETTLEMENT .........................................................6

    A.    The Settlement Class Definition ......................................................... 6

    B.    Monetary Consideration and Plan of Allocation .............................. 6

    C.    Release Provisions ............................................................................... 7

    D.    Attorneys' Fees and Reimbursement of Expenses ........................... 8

    E.    The Court's Continuing Jurisdiction ................................................. 8

IV.   PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS
    APPROPRIATE .............................................................................................8

    A.    The Settlement Approval Process....................................................... 8

    B.    The Proposed Settlement Meets the Requirements for Preliminary
        Approval ................................................................................................ 9

        1.    The Amount Offered in Settlement ..................................... 10

        2.    The Extent of Discovery Completed and the Stage of the
            Proceedings.......................................................................... 10

        3.    The Proposed Settlement Resulted from Arms' Length
            Negotiations and Did Not Involve Any Collusion ............. 10

V.    PROVISIONAL CERTIFICATION OF THE SETTLEMENT UNDER RULE 23 IS
    APPROPRIATE...........................................................................................11

    A.    The Settlement Class Members Are So Numerous that Joinder Is
        Impracticable ...................................................................................... 11

    B.    Common Questions of Law or Fact Exist.......................................... 12

    C.    Lead Plaintiffs' Claims are Typical of Those of the Settlement
        Class.................................................................................................... 13

    D.    Lead Plaintiffs Are Adequate Representatives of the Settlement
        Class.................................................................................................... 13

    E.    The Requirements of Rule 23(b)(3) Are Also Satisfied .................. 14

        1.    Common Legal and Factual Question Predominate ........... 14

LEAD PLAINTIFF'S NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 3:15-cv-00265-EMC--

i

2.    A Class Action is the Superior Means to Adjudicate Lead
Plaintiffs' and Settlement Class Members' Claims ............. 14

VI.   THE PROPOSED NATURE AND METHOD OF CLASS NOTICE ARE
CONSTITUTIONALLY SOUND AND APPROPRIATE ...............................................15

VII.  PROPOSED SCHEDULE ...............................................................................................16

VIII. CONCLUSION ...............................................................................................................18

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Alberto v. GMRI,*

4

No. Civ. 07-1895 WBS DAD, 2008 WL 4891201 (E.D. Cal. Nov. 12, 2008) ......................... 11

5

*Amchem Prods., Inc. v. Windsor,*

6

521 U.S. 591 (1997) ..................................................................................... 14, 15

7

*In re Applied Micro Circuits Corp. Sec. Litig.,*

8

No. 01-cv-0649 (KAJB), 2003 WL 25419526 (S.D. Cal. July 15, 2003) ................................ 12

9

*Bellows v. NCO Financial Sys., Inc.,*

10

No. 3:07-CV-01413-W-AJB, 2008 WL 5458986 (S.D. Cal. Dec. 10, 2008) ........................... 11

11

*Browing v. Yahoo! Inc.,*

12

No., C04-01463 HRL, 2006 WL 3826714 (N.D. Cal. Dec. 27, 2006)........................................ 9

13

*In re Cement and Concrete Antitrust Litig.,*

14

817 F.2d 1435 (9th Cir. 1987) ............................................................................. 16

15

*In re Equity Funding Corp. of Am Sec. Litig.,*

16

603 F.2d 1353 (9th Cir. 1979) ............................................................................. 16

17

*Gen. Tel. Co. of Southwest v. Falcon,*

18

457 U.S. 147 (1982) ..................................................................................... 14

19

*Hanlon v. Chrysler Corp.,*

20

150 F.3d 1011 (9th Cir. 1998) ...................................................................... passim

21

*In re Heritage Bond Litig.,*

22

No. MDL 02-ML-1475 DT, 2004 WL 1638201 (C.D. Cal. July 12, 2004)............................ 13

23

*Linney v. Cellular Alaska P'ship,*

24

No. C-96-3008 DLJ, 1997 WL 450064 (N.D. Cal. Jul. 18, 1997) ............................................ 9

25

*Officers for Justice v. Civil Serv. Comm'n,*

26

688 F.2d 615 (9th Cir. 1982) ............................................................................. 9

27

28

LEAD PLAINTIFF'S NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 3:15-cv-00265-EMC--

iii

*In re Omnivision Tech., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ....................................................................... 9

*Rodriguez v. Carlson*,
    166 F.R.D. 465 (E.D. Wash. 1996) ........................................................................... 13

*Schaefer v. Overland Express Family of Funds*,
    169 F.R.D. 124 (S.D. Cal. 1996) .............................................................................. 13

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ..................................................................................... 9

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ...................................................................................... 16

**Statutes**

Fed. R. Civ. P. 23(a) ...................................................................................................... 12

Fed. R. Civ. P. 23(b) ...................................................................................................... 15

**Other Authorities**

*Manual for Complex Litigation*, Third, § 23.14 (West ed. 1995) ............................... 16, 17

1   **I.   INTRODUCTION**

2       Lead Plaintiff Henry Low (collectively, "Lead Plaintiff") respectfully submits this

3   memorandum in support of his unopposed motion for an order preliminarily approving the proposed

4   settlement ("Settlement") of this action embodied in the Stipulation of Settlement ("Stipulation")

5   filed contemporaneously herewith as ECF No. 126.[1] The proposed Settlement was reached after the

6   parties engaged in hard-fought and arm's length settlement negotiations before Mr. Robert A. Meyer,

7   a well-known and well-respected mediator currently affiliated with JAMS. Based on a thorough

8   understanding of the facts and the law, the parties agreed to the proposed Settlement which consists

9   of $3,850,000 in cash. If approved, the Settlement will fully resolve this action, initially filed in

10  January 2015, on behalf of a class of persons and entities who purchased common stock of Energy

11  Recovery, Inc. ("Energy Recovery" or the "Company") between March 7, 2013 and March 5, 2015,

12  inclusive ("Settlement Class").

13      In determining whether preliminary approval is warranted, the sole issue before the Court is

14  whether the proposed Settlement is within the range of what might be found to be fair, reasonable

15  and adequate so that notice of the proposed Settlement can be given to Settlement Class Members

16  and a hearing scheduled to consider final settlement approval. The Settlement clearly meets these

17  criteria. As discussed below, while Lead Plaintiff believes his claims are meritorious, issues exist

18  with respect to liability and damages, and therefore the $3,850,000 cash fund that will be created

19  under the parties' agreement represents a beneficial resolution of this litigation and the Settlement

20  is in the best interests of the Settlement Class.

21      Because all the requirements for preliminary approval of the settlement are met, the Court

22  should certify the Settlement Class for settlement purposes only. Also, because the Plan of

23  Allocation is fair, reasonable and adequate, it should be preliminarily approved. Finally, the Court

24  should schedule a final approval hearing to determine whether the proposed Settlement, the Plan of

25  Allocation, and Lead Counsel's request for attorneys' fees and reimbursement of expenses should

26

27  ──────────────

[1]       Unless otherwise stated, capitalized terms have the same meaning as in the Stipulation.

28

1  be finally approved as fair, reasonable and adequate.

2  **II.      SUMMARY OF LITIGATION AND SETTLEMENT NEGOTIATIONS**

3       **A.      Lead Plaintiff's Claims and Allegations**

4       Lead Plaintiff brings this action on behalf of all persons who purchased Energy Recovery

5  common stock between March 7, 2013 and March 5, 2015, inclusive (the "Settlement Class Period").

6  Lead Plaintiff's Second Amended Class Action Consolidated Complaint (the "Second Amended

7  Complaint"), filed on May 26, 2015, alleges that Defendants violated Sections 10(b) and 20(a) of

8  the Securities Exchange Act of 1934 (the "Exchange Act"). ECF No. 99. According to the Second

9  Amended Complaint, Defendants violated these statutes by disseminating materially untrue

10 statements and omissions about Energy Recovery's products and operations.

11      Specifically, the Second Amended Complaint alleges that Defendants represented to the

12 public that its core products were operational and ready for commercial sale when, in fact, they were

13 not. Energy Recovery's "core products" (*i.e.*, devices known as the IsoBoost, IsoGen, and IsoPro)

14 were neither operable nor salable at any point during the Settlement Class Period. The Second

15 Amended Complaint alleges that engineering and design problems with regard to these products

16 were reported to Defendants through various means on several occasions.

17      The Second Amended Complaint further alleges that Defendants misrepresented the size and

18 strength of the Company's "pipeline" of sales. As alleged in the Second Amended Complaint,

19 statements representing that the Company's "pipeline" amounted to $100 million were materially

20 misleading because the "pipeline" included sales opportunities that were very unlikely to

21 materialize.

22      The Second Amended Complaint alleges that when the truth concerning the Company's

23 "core products" and "pipeline" became known, Energy Recovery's stock price declined

24 significantly. According to the Second Amended Complaint, the decline in Energy Recovery's stock

25 price resulted in substantial damages to the Settlement Class. The lawsuit seeks money damages

26 against Defendants for alleged violations of the federal securities laws.

27

28

LEAD PLAINTIFF'S NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 3:15-cv-00265-EMC--

2

1    Defendants have denied and continue to deny each and all of the claims and contentions

2 alleged by the Lead Plaintiff in the Litigation. Defendants continue to assert that they did not violate

3 Sections 10(b) or 20(a) of the Exchange Act, in particular the elements of falsity, scienter and loss

4 causation.  Defendants deny all charges of wrongdoing or liability against them arising out of any

5 of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the

6 Litigation, especially the central premise of Plaintiff's claims that Energy Recovery's products

7 remained in the engineering prototype phase during the Class Period.  Defendants assert that Plaintiff

8 is unable to prove falsity or scienter in support any of his allegations.  Defendants also have denied

9 and continue to deny, among other things, the allegations that the Plaintiff or the Settlement Class

10 have suffered damages and that the Plaintiff or the Settlement Class were harmed by the conduct

11 alleged in the Complaint or its predecessor complaints.

12    **B.    <u>Procedural History and Lead Counsel's Investigation</u>**

13    On January 20, 2015, an action was filed in the United States District Court for the Northern

14 District of California as a putative securities fraud class action on behalf of purchasers of Energy

15 Recovery common stock, captioned *Sabatino v. Rooney, et al.*, Case No. 3:15-cv-00265-EMC.  One

16 additional related securities class action lawsuit, *Mowdy v. Rooney, et al.*, Case No. 3:15-cv-00374

17 was subsequently filed.  On May 5, 2015, the Court entered an order consolidating the related class

18 actions as *In re Energy Recovery, Inc. Securities Litigation*, Case No. 3:15-cv-00265-EMC. ECF

19 No. 37. The Court also appointed Henry Low, as Lead Plaintiff pursuant to Section 21 D(a)(3)(B)

20 of the Exchange Act and appointed Levi & Korsinsky LLP as Lead Counsel, and Punzalan Law as

21 liaison counsel.

22    On June 11, 2015, Plaintiff filed the Class Action Consolidated Complaint for Violation of

23 Federal Securities Laws. ECF No. 40. The Amended Complaint alleged violations of Sections 10(b)

24 and 20(a) of the Exchange Act on behalf of a class of persons who purchased Energy Recovery

25 common stock on May 8, 2014 through March 5, 2015, inclusive. The Amended Complaint alleged

26 that Defendants made false and misleading statements regarding Energy Recovery's products and

27

28

Lead Plaintiff's Notice of Motion, Motion,
and Memorandum of Points and Authorities in Support
of Preliminary Approval of Class Action Settlement
--Master File No. 3:15-cv-00265-EMC--

3

1    operations concerning the Company's oil and gas segment, and sought unspecified money damages

2    and other relief.

3           On July 31, 2015, Defendants filed a motion to dismiss the Amended Complaint. ECF No.

4    45. Instead of opposing Defendants' motion, Plaintiff filed a motion for leave to amend the Amended

5    Complaint on September 15, 2015. ECF No. 50. The Court granted Plaintiff's motion for leave to

6    amend on October 8, 2015, while also denying Defendants' motion to dismiss as moot. ECF No. 58.

7           On October 9, 2015, Plaintiff filed the Amended Class Action Consolidated Complaint for

8    Violation of Federal Securities Laws. ECF No. 59. Defendants moved to dismiss on November 9,

9    2015. ECF No. 64. The Court held a hearing on the motion on December 17, 2015, and subsequently

10   issued an order denying in part and granting in part Defendants' motion on January 27, 2016. ECF

11   No. 77.

12          On February 1, 2016, Plaintiff filed an emergency application for relief in an attempt to

13   prevent the Company from allegedly destroying relevant evidence in the possession of a

14   whistleblower. ECF No. 80. The Company denied attempting to destroy any relevant documents.

15   On February 4, 2016, Plaintiff and the Company entered a stipulation resolving Plaintiff's

16   emergency application, which the Court so-ordered on February 5, 2016. ECF No. 88.

17          On February 9, 2016, Plaintiff filed an administrative motion seeking leave to file a motion

18   requesting a declaration concerning the terms of a non-disclosure agreement executed between

19   Energy Recovery and a former employee. ECF No. 89. On February 11, 2016, the Court denied

20   Plaintiff's administrative motion, but granted Plaintiff additional time to file a further amended

21   complaint. ECF No. 91.

22          On March 2, 2016, Plaintiff filed a motion to intervene in a related case being brought by the

23   former employee that was allegedly bound by the non-disclosure agreement referenced in the

24   preceding paragraph. Docket No. 16-cv-477, ECF No. 28. Plaintiff sought to intervene in the related

25   case for the purpose of opposing a motion filed by Energy Recovery seeking an order compelling

26   the former employee to return documents and other materials Plaintiff believed to be relevant

27   evidence in his class action case. The Court granted Plaintiff's motion to intervene on April 5, 2016.

28

LEAD PLAINTIFF'S NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 3:15-cv-00265-EMC--

4

1  Docket No. 16-cv-477, ECF No. 53. The Court held a hearing in connection with Energy Recovery's

2  motion to return documents on April 7, 2016, and subsequently issued an order granting in part and

3  denying in part Energy Recovery's motion. Docket No. 16-cv-477, ECF Nos. 56-60.

4       Following additional investigation, on May 26, 2016, Plaintiff filed the Second Amended

5  Complaint.  ECF No. 99.  The Second Amended Complaint alleged violations of Sections 10(b) and

6  20(a) of the Exchange Act on behalf of a class of persons who purchased Energy Recovery common

7  stock on March 7, 2013 through March 5, 2015, inclusive. The Second Amended Complaint alleged

8  that the Defendants made false and misleading statements regarding Energy Recovery's products

9  and operations and seeks unspecified money damages and other relief. The Second Amended

10  Complaint is the current operative pleading.

11       **C.**     **<u>Settlement Negotiations</u>**

12       Defendants moved to dismiss the Second Amended Complaint on June 13, 2016. ECF No.

13  100. The Court held a hearing on the motion on July 21, 2016. Following the hearing, but prior to

14  receiving any decision on Defendants' motion from the Court, the parties agreed to attempt to resolve

15  the matter through mediation. ECF No. 115.

16       On October 12, 2016, the parties participated in a mediation session with Robert A. Meyer,

17  Esq. of JAMS. After a full day of negotiations, the parties reached an agreement in principle to settle

18  the Litigation.

19       On November 28, 2016, the parties executed a Memorandum of Understanding.

20       On February 15, 2017, the parties executed the Stipulation.

21

22

23

24

25

26

27

28

Lead Plaintiff's Notice of Motion, Motion,
and Memorandum of Points and Authorities in Support
of Preliminary Approval of Class Action Settlement
--Master File No. 3:15-cv-00265-EMC--
5

III.   **THE PROPOSED TERMS OF SETTLEMENT**

      A.   **The Settlement Class Definition**

      The Settlement Class means all Persons who purchased the common stock of Energy Recovery during the period March 7, 2013 through March 5, 2015, inclusive.[2]

      B.   **Monetary Consideration and Plan of Allocation**

      Under the terms of the proposed Settlement, Defendants agreed to the creation of a cash payment of three million eight hundred fifty thousand dollars ($3,850,000) to be made to the Settlement Fund (as defined in ¶ 1.30 of the Stipulation) on behalf of Defendants. The $3,850,000 million in cash will be deposited into the Settlement Fund within thirty (30) calendar days after the Court executes an order granting preliminary approval of the Settlement and after the provision of wire transfer and payment information. *See* Stipulation, ECF No. 126, at ¶ 2.1(a). Any interest earned will be for the benefit of the Settlement Class. *See id.* at ¶ 1.30.

      Lead Counsel has considered the issues of liability and damages in determining an appropriate proposed Plan of Allocation. Lead Counsel did not favor or consider the particular trading history of the Lead Plaintiff or any other individual Settlement Class Member in crafting this plan. A copy of the Plan of Allocation is set forth in the Notice of Pendency and Proposed Settlement of Class Action, pages 9-10 at Exhibit A-1 to the Stipulation. *See* Stipulation, ECF No. 126, at Ex. A-1, pp. 9-10.

---

[2]    Excluded from the Settlement Class are Defendants, the officers and directors of  Energy Recovery at all relevant times, members of the Defendants' immediate families and their legal representatives, subsidiaries of Energy Recovery, any firm, entity, or corporation in which any Defendant and/or any member(s) of a Defendant's immediate family has or have a controlling interest, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and the legal representatives, heirs, or successors-in-interest or assigns of Defendants.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

LEAD PLAINTIFF'S NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 3:15-cv-00265-EMC--

6

1

### C.    Release Provisions

2    Upon the Effective Date, as defined in ¶ 1.8 of the Stipulation, Lead Plaintiff, and each and

3  every Settlement Class Member shall be deemed to have, and by operation of the Judgment shall

4  have, fully, finally, and forever released, relinquished, discharged, and dismissed all Released

5  Claims (including Unknown Claims) against the Released Persons, whether or not such Settlement

6  Class Member executes and delivers a Proof of Claim and Release form, and whether or not such

7  Settlement Class Member shares in the Settlement Fund. Released Claims means any and all manner

8  of claims, demands, rights, liabilities, losses, obligations, duties, costs, debts, expenses, interest,

9  penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits,

10  agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description

11  whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent

12  or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected,

13  liquidated or not liquidated, fixed or contingent (including Unknown Claims as defined in ¶ 1.37 of

14  the Stipulation), that Plaintiffs or any or all other members of the Settlement Class ever had, now

15  have, or may have, whether direct, individual, class, derivative,  representative, legal, equitable or

16  of any other type, or in any other capacity, based on his, her, or its purchase, sale or ownership of

17  Energy Recovery common stock during the Settlement Class Period, against any of the Released

18  Persons, whether based on state, local, foreign, federal, statutory, regulatory, common or other law

19  or rule, which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly

20  or indirectly, or previously were based upon, arose out of, resulted from, related to or involved,

21  directly or indirectly, any of the actual, alleged or attempted actions, inactions, conduct, transactions,

22  contracts, occurrences, statements, representations, misrepresentations, omissions, allegations, facts,

23  practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that

24  were, or could have been, alleged, asserted, set forth, claimed, embraced, involved, or referred to in,

25  or related to, directly or indirectly, the Litigation or the subject matter of the Litigation, in any court,

26  tribunal, forum; provided, however, that the released claims shall not include the right to enforce the

27  Stipulation.

28

Lead Plaintiff's Notice of Motion, Motion,
and Memorandum of Points and Authorities in Support
of Preliminary Approval of Class Action Settlement
--Master File No. 3:15-cv-00265-EMC--
7

**D.    Attorneys' Fees and Reimbursement of Expenses**

Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed twenty-five percent (25%) of the total Settlement Fund. *See* Stipulation, ECF No. 126, at ¶ 7.1. Lead Counsel will also apply to the Court for a reimbursement of its reasonable expenses incurred through the litigation. *See id.*

**E.    The Court's Continuing Jurisdiction**

If the Court grants final approval of the proposed Settlement, the parties will request that the Court enter a final judgment of dismissal. The Court will retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, and all parties agree to submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement. *See* Stipulation, ECF No. 126, at ¶ 9.16.

**IV.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE**

**A.    The Settlement Approval Process**

Rule 23(e) requires that before a class action is dismissed or compromised, notice of the proposed dismissal or compromise must be given in the manner directed by the Court and judicial approval must be obtained. To that end, the Court must find that the proposed settlement is "fundamentally fair, adequate, and reasonable. *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1040 (N.D. Cal. 2008) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citations omitted)). A settlement agreement is presumptively fair if it "was reached in arm's length negotiations, after relevant discovery had taken place." *Linney v. Cellular Alaska P'ship*, No. C-96-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal. Jul. 18, 1997).

Moreover, the Ninth Circuit has a policy favoring settlement, "particularly in class action suits." *Omnivision*, 559 F. Supp. 2d at 1041; *see also Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (stating that "it must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation[.]"). The court's inquiry into the settlement agreement is ultimately limited to the

1   extent necessary to make a judgment that the agreement is not "the product of fraud or overreaching

2   by, or collusion between, the negotiating parties." *Omnivision*, 559 F.Supp. 2d at 1041 (internal

3   citations omitted). Thus, the court "need not reach the merits of the case or form conclusions about

4   the underlying questions of law or fact" in determining the fairness, reasonableness and adequacy of

5   a settlement agreement. *Id.*

6       **B.**    **The Proposed Settlement Meets the Requirements for Preliminary Approval**

7          At the preliminary approval stage, the Court must conduct a "prima facie review of the relief

8   and notice" provided by the settlement agreement before the Court orders notice to be sent. *Browing*

9   *v. Yahoo! Inc.*, No., C04-01463 HRL, 2006 WL 3826714, at *7 (N.D. Cal. Dec. 27, 2006). The court

10  must find the release to be "fair and reasonable" and the notice to be "adequate." Id. at *7-8.

11  Ultimately, in making a final determination of whether the proposed Settlement is fair, adequate,

12  and reasonable, the Court will balance some or all of the following factors:

13         [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration
    of further litigation; the risk of maintaining class action status throughout the trial;
14         the amount offered in settlement; the extent of discovery completed and the state
    of the proceedings; the experience and views of counsel; the presence of a
15         governmental participant; and the reaction of the class members to the proposed
16         settlement.

17  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Consideration of these factors

18  shows that the proposed Settlement now before the Court falls squarely within the range of

19  reasonableness warranting notice of the proposed Settlement to Settlement Class Members and

20  scheduling a final approval hearing.

21         Lead Plaintiff believes that the case has merit and that he has evidence to establish

22  Defendants' liability. Nevertheless, Plaintiff recognizes that a number of his claims were dismissed

23  on the initial motion to dismiss, which left only the claim related to a single oral statement the correct

24  interpretation of which was disputed by the parties; and, accordingly, he would face substantial risks

25  if he were to further litigate this case.  Plaintiff also recognizes that Defendants have denied the

26  material allegations in the Second Amended Complaint and that they strongly dispute the central

27  premise of the Complaint that Energy Recovery's products remained in the engineering prototype

28

1   phase during the Class Period.  Plaintiff recognizes that Defendants maintain the claim that, during

2   the Class Period, Energy Recovery was selling its IsoBoost products to commercial customers and

3   that soon after the Class Period Energy Recovery was able to make record sales of IsoBoost and to

4   a major new customer. In view of these factors, without a settlement, Lead Plaintiff and the

5   Settlement Class face a very real risk in this case that they could recover far less than the Settlement

6   amount—or even nothing—without the Settlement. In all events, protracted and highly complex

7   further litigation without a reasonably predictable outcome would ensue if this case were not

8   resolved at this time.

9   **1. The Amount Offered in Settlement**

10   As discussed above, a Settlement Fund of $3,850,000 in cash will be created under the terms

11   of the proposed Settlement. Given the issues Lead Plaintiff faces regarding establishing liability,

12   loss causation, and damages, there is a substantial risk that nothing would be recovered if this case

13   were to proceed to trial. Thus, the $3,850,000 in cash is reasonable under the circumstances.

14   **2. The Extent of Discovery Completed and the Stage of the Proceedings**

15   The parties reached the proposed Settlement after substantial discussion, including formal

16   mediation before Mr. Robert A. Meyer (JAMS). Lead Plaintiff conducted months of investigation,

17   including filing emergency applications and other motions in order to protect and obtain materials

18   possessed by former employees of Energy Recovery. Thus, Lead Counsel conducted a thorough

19   examination regarding the impact of Defendants' alleged conduct on Settlement Class Members'

20   alleged damages and were able to act intelligently in negotiating the proposed Settlement.

21   **3. The Proposed Settlement Resulted from Arm's Length Negotiations and**

22   **Did Not Involve Any Collusion**

23   The Settlement is the result of informed, arm's length and hard-fought negotiations between

24   Lead Counsel and Defendants' counsel, including mediation overseen by a well-respected mediator

25   affiliated with JAMS, Mr. Robert A. Meyer. There can be no claim of collusion here.

26   Moreover, counsel for each party is experienced and thoroughly familiar with the factual and

27   legal issues. Courts recognize that the opinion of experienced and informed counsel supporting a

28

LEAD PLAINTIFF'S NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 3:15-cv-00265-EMC--

10

1    settlement is entitled to considerable weight. *See Bellows v. NCO Financial Sys., Inc.*, No. 3:07-CV-

2    01413-W-AJB, 2008 WL 5458986, at *8 (S.D. Cal. Dec. 10, 2008) (finding that "it is the considered

3    judgment of experienced counsel that this settlement is a fair, reasonable, and adequate settlement

4    of the litigation, which should be given great weight"); *see also Alberto v. GMRI*, No. Civ. 07-1895

5    WBS DAD, 2008 WL 4891201, at *10 (E.D. Cal. Nov. 12, 2008) (stating that "when approving

6    class action settlements, the court must give considerable weight to class counsel's opinions due to

7    counsel's familiarity with the litigation and its previous experience with class action lawsuits").

8         For the reasons summarized above, Lead Counsel believes, based on their experience,

9    knowledge of the strengths and weaknesses of the case, and all other factors considered in evaluating

10   proposed class action settlements, that the proposed Settlement is fair, reasonable, and adequate and

11   in the best interests of Settlement Class Members.

12   **V.    PROVISIONAL CERTIFICATION OF THE SETTLEMENT UNDER RULE 23 IS**

13   **APPROPRIATE**

14        For the sole purpose of implementing the proposed Settlement, Lead Plaintiff seeks and

15   Defendants agree to the certification of a Settlement Class defined as all Persons who purchased the

16   common stock of Energy Recovery during the period March 7, 2013 through March 5, 2015,

17   inclusive. Before a class may be certified, the following requirements of Rule 23(a) must be satisfied:

18   (a) the class is so numerous that joinder of all class members is impracticable; (b) there are questions

19   of law or fact common to the class; (c) the claims or defenses of the representative parties are typical

20   of the claims or defenses of the class; and (d) the representative parties will fairly and adequately

21   protect the interests of the class. *See Hanlon,* 150 F.3d at 1019.

22        As discussed below, certification of a settlement class is appropriate here.

23   **A.    The Settlement Class Members Are So Numerous that Joinder Is**

24   **Impracticable**

25        While the precise number of Settlement Class Members is unknown, the number certainly

26   exceeds any number considered practical for joinder. As alleged in the Second Amend Complaint,

27   Energy Recovery's common stock was actively traded on NASDAQ (Global Select). As of the end

28

LEAD PLAINTIFF'S NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 3:15-cv-00265-EMC--

11

1 of the Class Period, Energy Recovery had over 51 million shares outstanding. Indeed, courts

2 routinely hold that Rule 23(a)'s numerosity requirement is satisfied under similar facts. *See In re*

3 *Applied Micro Circuits Corp. Sec. Litig.*, No. 01-cv-0649 (KAJB), 2003 WL 25419526, at *8 (S.D.

4 Cal. July 15, 2003) (finding numerosity where the company issued millions of shares and the class

5 is presumed to have thousands of members). From this information, one may conclude that there are

6 likely thousands of members in the Settlement Class. The threshold for a presumption of

7 impracticability is thus easily met. *See Hanlon*, 150 F.3d at 1019.

8       **B.**     <u>**Common Questions of Law or Fact Exist**</u>

9       In order to maintain a class action, there must be "questions of law or fact common to the

10 class . . . ." Fed. R. Civ. P. 23(a)(2) (emphasis added). Construed liberally like the other Rule 23

11 requirements, commonality does not "require all questions of law and fact to be common." *In re*

12 *Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2004 WL 1638201, at *14 (C.D. Cal. July 12,

13 2004) (finding that "it is not necessary that every issue of law or fact be identical"); *see also*

14 *Rodriguez v. Carlson*, 166 F.R.D. 465, 472 (E.D. Wash. 1996).

15       This case presents numerous common questions of both law and fact. Here, questions of law

16 and fact common to all Settlement Class Members include:

17
18           a)    Whether the federal securities laws were violated by Defendants' acts as alleged in the Complaint;

19           b)    Whether Defendants made material misrepresentations and omissions concerning the operability and salability of the Company's core products;

20
21           c)    Whether Defendants made material misrepresentations and omissions concerning the Company's "pipeline" of sales to customers;

22
23           d)    Whether Defendants acted with the requisite state of mind in misrepresenting or failing to disclose material facts;

24
25           e)    Whether the corrective disclosures of the prior misrepresentations and omissions caused a decline in the market price of Energy Recovery, and if so, how much; and

26
27           f)    Whether the Settlement Class Members have sustained damages and, if so, the appropriate measure thereof.

28

Lead Plaintiff's Notice of Motion, Motion,
and Memorandum of Points and Authorities in Support
of Preliminary Approval of Class Action Settlement
--Master File No. 3:15-cv-00265-EMC--

12

1

**C.**     <u>Lead Plaintiffs' Claims are Typical of Those of the Settlement Class</u>

2

A plaintiff's claims will be deemed typical if "they are reasonably co-extensive with those

3

of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020; *see*

4

*also Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 128-29 (S.D. Cal. 1996)

5

(finding that typicality was met even though defendant claimed that the vast majority of shares were

6

purchased by institutional investors rather than small investors and that plaintiff relied on oral

7

representations of his broker). The heart of the inquiry is whether the representative's claims and the

8

class claims are interrelated so that class treatment is economical. *Gen. Tel. Co. of Southwest v.*

9

*Falcon*, 457 U.S. 147 (1982).

10

Here, Lead Plaintiff's claims are similar to the claims of the other Settlement Class Members.

11

Defendants' alleged course of conduct described in the Complaint uniformly affected all Settlement

12

Class Members, as they each allegedly suffered economic injury from the decline in market value

13

following the corrective disclosures. Lead Plaintiff's claims are typical of the other Settlement Class

14

Members because, like all other Settlement Class Members, they allegedly were injured when the

15

truth about the Company's "core products" and "pipeline" was revealed. Thus, the typicality

16

requirement of Rule 23(a)(3) is met.

17

**D.**     <u>Lead Plaintiff Is an Adequate Representative of the Settlement Class</u>

18

The purpose of the adequacy requirement is to "uncover conflicts of interest between named

19

parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594

20

(1997). The factors relevant to a determination of adequacy are: (1) the absence of potential conflicts

21

between the named plaintiffs and their counsel with other class members; and (2) that counsel chosen

22

by the representative parties is qualified, experienced and able with the named plaintiffs to

23

vigorously conduct the litigation. *See Hanlon*, 150 F.3d at 1020.

24

There are no apparent conflicts of interest between the Lead Plaintiff and the absent

25

Settlement Class Members. Indeed, Lead Plaintiff has been committed to the vigorous prosecution

26

of this action from the outset and has reached a resolution that he believes is in the best interests of

27

the Settlement Class. Lead Plaintiff has shown that he is more than an adequate representative.

28

LEAD PLAINTIFF'S NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 3:15-cv-00265-EMC--

13

1  Moreover, the Court previously determined that Lead Counsel, Levi & Korsinsky LLP, is qualified

2  to represent the Settlement Class.

3      **E.      The Requirements of Rule 23(b)(3) Are Also Satisfied**

4          Rule 23(b)(3) authorizes class certification where, in addition to the requirements of Rule

5  23(a), common questions of law or fact predominate over any individual questions and a class action

6  is superior to other available means of adjudication. *See Amchem*, 521 U.S. at 607. This case easily

7  meets Rule 23(b)(3)'s requirements.

8          **1.   Common Legal and Factual Question Predominate**

9          "Predominance is a test readily met in certain cases alleging . . . securities fraud . . . ."

10 *Amchem*, 521 U.S. at 625. In this securities action, Defendants' alleged liability arises from their

11 conduct with respect to statements made about Energy Recovery's "core products" and "pipeline."

12 Whether Defendants' publicly disseminated releases and statements during the Settlement Class

13 Period omitted and/or misrepresented material facts is the central issue in this case and predominates

14 over any individual issue that theoretically might arise. *See Hanlon*, 150 F.3d at 1022 (stating that

15 Rule 23(b)(3) is satisfied where "[a] common nucleus of facts and potential legal remedies

16 dominates [the] litigation"). Thus, the predominance requirement is satisfied here.

17         **2.   A Class Action is the Superior Means to Adjudicate Lead Plaintiffs' and**

18             **Settlement Class Members' Claims**

19         The second prong of Rule 23(b)(3) is essentially satisfied by the proposed Settlement itself.

20 As explained in *Amchem*, "[c]onfronted with a request for settlement-only class certification, a

21 district court need not inquire whether the case, if tried, would present intractable management

22 problems for the proposal is that there be no trial." 521 U.S. at 620 (citing Fed. R. Civ. P.

23 23(b)(3)(D)). Thus, any manageability problems that may have existed here—and Lead Plaintiff

24 knows of none—are eliminated by the Settlement. In any event, given the alternatives, e.g.,

25 unnecessarily burdening the judiciary with numerous actions involving relatively small amounts of

26 damages, which "would prove uneconomic for potential plaintiffs" where "litigation costs would

27

28

1   dwarf potential recovery," resolving this case on a class-wide basis is clearly preferable. *Hanlon*,

2   150 F.3d at 1023.

3   **VI.     THE PROPOSED NATURE AND METHOD OF CLASS NOTICE ARE**

4   **CONSTITUTIONALLY SOUND AND APPROPRIATE**

5          Preliminary approval of the proposed Settlement permits notice to be given to the Settlement

6   Class Members of a hearing on final settlement approval, at which they and the settling parties may

7   be heard with respect to final approval. *See Manual for Complex Litigation*, Third, § 23.14 (West

8   ed. 1995). Here, the parties propose that notice be given principally by U.S. mail. *See* Stipulation,

9   ECF No. 126, at ¶ 6.2(a). In addition, the Stipulation provides for publication of a summary notice,

10  which will be published on www.zlk.com and in the national edition of Investor's Business Daily.

11  *See id.*

12         The proposed form of mailed notice (Exhibit A-1 to the Stipulation), provides the following

13  details of the Stipulation to prospective Settlement Class Members in a fair, concise and neutral way:

14  (1) the existence of and their rights with respect to the class action, including the requirement for

15  timely opting out of the Settlement Class; and (2) the Settlement with Defendants and their rights

16  with respect to the Settlement. The proposed form of summary notice (Exhibit A-3 to the

17  Stipulation), provides essential information about the litigation and the Settlement, including an

18  address for potential class members to write in order to obtain the full long form of notice.

19         The means and forms of notice proposed here constitute valid and sufficient notice to the

20  Settlement Class, the best notice practicable under the circumstances, and comply fully with the

21  requirements of the Private Securities Litigation Reform Act of 1995, Rule 23 and due process. *See*

22  *e.g.*, *In re Cement and Concrete Antitrust Litig.*, 817 F.2d 1435, 1440 (9th Cir. 1987), *rev'd on other*

23  *grounds*, 490 U.S. 93 (1989) (stating that "notice is satisfactory if it 'generally describes the terms

24  of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come

25  forward and be heard'") (internal citation omitted); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370,

26  1374 (9th Cir. 1993); *In re Equity Funding Corp. of Am Sec. Litig.*, 603 F.2d 1353, 1361 (9th Cir.

27  1979) (directing that class notice must "present a fair recital of the subject matter and proposed

28

terms" and provide "an opportunity to be hear to all class members") (internal citation omitted); *see also Manual Third § 30.41* (approving use of combined class notice and settlement notice where appropriate).

## VII.    PROPOSED SCHEDULE

Lead Plaintiff respectfully requests the Court to schedule the dates required by, and set forth in the [Proposed] Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to the Class, which Lead Counsel will present to the Court at the hearing on March 23, 2017. Specifically, Lead Plaintiff requests the Court schedule the following dates:

| | |
|---|---|
| Last day to complete mailing of Notice and Proof of Claim Form and to publish Summary Notice. | Friday, April 14, 2017 |
| Last day for filing and serving papers in support of final approval of the proposed Settlement, and the applications for Fee and Expense Awards.<br><br>(The deadline shall be no less than 35 days prior to the Final Approval Hearing.) | Thursday, May 25, 2017 |
| Last day for Settlement Class Members to submit comments in support of, or in opposition to, the proposed Settlement, and the applications for Fee and Expense Awards. (The deadline shall be no less than 21 days prior to the Final Approval Hearing.) | Thursday, June 8, 2017 |
| Last day for potential Settlement Class Members to request exclusion from the Settlement Class.<br><br>(The deadline shall be no less than 21 days prior to the Final Approval Hearing.) | Thursday, June 8, 2017 |
| Last day for filing and serving papers in response to objections to the proposed Settlement, and the applications for Fee and Expense Awards.<br><br>(The deadlines shall be no less than 7 days prior to the Final Approval Hearing.) | Thursday, June 22, 2017 |

LEAD PLAINTIFF'S NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 3:15-cv-00265-EMC--

16

| Final Approval Hearing | Thursday, July 6, 2017 |
|---|---|

LEAD PLAINTIFF'S NOTICE OF MOTION, MOTION,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
--Master File No. 3:15-cv-00265-EMC--

17

1    **VIII.   CONCLUSION**

2         The proposed Settlement is presumptively fair and presents no obvious deficiencies.

3    Accordingly, the Court should grant preliminary approval of the proposed Settlement and enter an

4    order substantially in the form of the accompanying [Proposed] Order Granting Preliminary

5    Approval of Settlement and Directing Dissemination of Notice to Class.

6

7         DATED: February 16, 2017                    Respectfully submitted,

8                                                 By:    /s/ Adam Apton
9
                                                      Nicholas I. Porritt
10                                                    Adam M. Apton
                                                      LEVI & KORSINSKY LLP
11                                                    1101 30th Street NW, Suite 115
                                                      Washington, DC 20007
12                                                    Telephone:  202-524-4290
                                                      Facsimile:   202-333-2121
13
                                                      *Attorneys for Lead Plaintiff Henry Low*
14                                                    *and Lead Counsel for the Proposed Class*

15

16

17

18   4828-0985-6300, v.  2

19

20

21

22

23

24

25

26

27

28